THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.

KRISTOPHER R. MILLER,

        Plaintiff,

v.

BNSF RAILWAY COMPANY,
a Delaware corporation,

        Defendant.

## COMPLAINT – JURY TRIAL DEMANDED

Plaintiff, Kristopher R. Miller, by and through his attorneys, Rossi Vucinovich, P.C., and for his cause of action against Defendant BNSF Railway Company ("Defendant"), a Delaware corporation, states and alleges as follows:

### GENERAL ALLEGATIONS

1.    At all times herein mentioned, Plaintiff was and is a resident of the State of Colorado.

2.    At all times herein mentioned, Defendant was and is a corporation duly organized and existing under the laws of the state of Delaware and was operating a system of railroad tracks in the state of Colorado and other states, and that said system included lines of track in the district where this action is filed.

3. At all times herein mentioned, Defendant was an interstate carrier by rail and was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad.

4. At said time and prior thereto, Plaintiff was employed by the defendant as a locomotive engineer and was engaged in the performance of his duties as such worker at the time he was injured on the aforesaid date as hereinafter alleged.

5. At said time and prior thereto, defendant was engaged in interstate commerce as a common carrier by railroad, and all or part of plaintiff's duties as an employee of the defendant were in furtherance of interstate and closely, directly, and substantially affected the same.

6. The jurisdiction of this Court, and the rights and liabilities of the parties are governed by the Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, and this action is timely commenced within the meaning of 45 U.S.C. § 56.

### FIRST CLAIM FOR RELIEF
### NEGLIGENCE – FEDERAL EMPLOYERS' LIABILITY ACT

7. Plaintiff repeats and incorporates by reference herein, all the foregoing paragraphs as if fully set forth in detail herein.

8. On or about November 27, 2020, Plaintiff was employed by Defendant as a locomotive engineer and was assigned to move a 40-car coal train from Denver, Colorado, to Longmont, Colorado.

9. After setting out the coal cars in Longmont, Plaintiff was instructed to move the locomotives to the Rawhide power plant near Wellington, Colorado.

10. While changing operator ends, the brakes on the locomotive "consist" failed and it began to move uncontrollably.

11. Plaintiff made multiple attempts to slow or stop the consist, including application of the emergency brakes, but all brakes were defective and/or failed to function and did not stop the runaway consist.

12. As a result of the locomotive and braking defects and failures, the locomotive consist continued moving uncontrolled as it accelerated toward standing railcars. Plaintiff was thereby forced to jump from the locomotive to the avoid the oncoming collision, forcefully striking the ground and ballast track structure, and was caused to suffer the injuries and damages set forth below.

13. The injuries and damages suffered by Plaintiff as a result of the aforementioned incident, were caused, in whole or in part, by the negligence of Defendant, its agents, employees and/or officers, in violation of 45 U.S.C. § 51 *et seq.*, and include but are not limited to:

   a. Negligently failing to provide Plaintiff with a reasonably safe place to work;

   b. Negligently failing to provide Plaintiff with reasonably safe and suitable equipment and machinery for use in the performance of his duties;

   c. Negligently failing to properly inspect, maintain, identify, and/or remedy unreasonably dangerous conditions which existed in Defendant's equipment and machinery;

   d. Negligently failing to warn Plaintiff of unreasonably dangerous and hazardous conditions which existed on Defendant's equipment and machinery;

   e. Negligently failing to comply with the Federal Locomotive Inspection Act, the Federal Safety Appliance Act, and the duty to comply with Federal regulations governing the inspection and condition of its locomotives, including, but not

limited to, C.F.R. Chapter II, FRA DOT Part 229, Railroad Locomotive Safety Standards; and,

f.    Other acts of negligence.

14.    Due, in whole or in part, to Defendant's negligence under the FELA, Plaintiff sustained severe and permanent injuries including, but not limited to, injuries to his head, neck, shoulders, torso, arms, knees, and the bones, muscles, tissues, nerves, ligaments and internal parts thereof; and Plaintiff has suffered in the past, and will continue to suffer physical and mental pain and anguish and loss of enjoyment of life, and that he was otherwise injured and disabled.

15.    In an effort to treat, heal, and relieve his injuries, Plaintiff has spent, and will continue to spend, monies for medical and related care and treatment in amounts to be proven at trial.

16.    As a direct result, in whole or in part, of Defendant's negligence under the FELA, Plaintiff has lost wages in the past, will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

17.    Accordingly, Plaintiff makes claim for the following damages:

(a) Any noneconomic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;

(b) Any economic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including loss of earnings or damage to his ability to earn money in the future; reasonable and necessary medical, hospital, and

other expenses; loss of fringe benefits; diminution of retirement benefits; and costs associated with vocational rehabilitation; and

      (c) Any physical impairment or disfigurement.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages together with such special damages as may hereinafter be ascertained and for his costs of suit incurred herein, including expert witness fees, interest on said damages from the date of judgment, and all other relief this Honorable Court deems just and proper.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY – FEDERAL LOCOMOTIVE INSPECTION ACT

17.    Plaintiff repeats and incorporates by reference herein, all the foregoing paragraphs as if fully set forth in detail herein.

18.    49 U.S.C. § 20701, commonly referred to as the Federal Locomotive Inspection Act ("FLIA") states:

> "Requirement for use:
>
> A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances--
>
> (1) are in proper condition and safe to operate without unnecessary danger of personal injury;
>
> (2) have been inspected as required under this chapter [49 USC §§ 20701 *et seq*.] and regulations prescribed by the Secretary of Transportation under this chapter [49 USC §§ 20701 et seq.]; and

(3) can withstand every test prescribed by the Secretary under this chapter [49 USC §§ 20701 *et seq*.]."

19. At the times herein mentioned, Defendant failed to comply with the statutory, non-delegable requirements of 49 U.S.C. § 20701, and its implementing regulations, including, but not limited to, C.F.R. Chapter II, FRA DOT Part 229, Railroad Locomotive Safety Standards, causing Plaintiff the injuries hereinabove set forth, and that the violation of the FLIA and the implementing federal regulations implicate the provisions of 45 U.S.C. § 53 and gives rise to a strict liability/negligence per se cause of action under the FELA.

20. Accordingly, Plaintiff makes claim for the following damages:

(a) Any noneconomic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;

(b) Any economic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including loss of earnings or damage to his ability to earn money in the future; reasonable and necessary medical, hospital, and other expenses; loss of fringe benefits; diminution of retirement benefits; and costs associated with vocational rehabilitation; and

(c) Any physical impairment or disfigurement.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages together with such special damages as may hereinafter be ascertained and for his costs of suit incurred herein, including expert witness fees, interest on

said damages from the date of judgment, and all other relief this Honorable Court deems just and proper.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY – FEDERAL LOCOMOTIVE INSPECTION ACT

21.     Plaintiff repeats and incorporates by reference herein, all the foregoing paragraphs as if fully set forth in detail herein.

22.     The injuries sustained by Plaintiff and the resulting damages set forth above came about as a direct result, in whole or in part, of Defendant's violation of 49 U.S.C. §§ 20301 - 20306, commonly known as the Federal Safety Appliance Act (SAA), thereby implicating the provisions of 45 U.S.C. § 53.

23.     Violation of the SAA gives rise to a strict liability/negligence per se cause of action under the FELA.

24.     As a direct result, in whole or in part, of Defendant's violation of the SAA, Plaintiff sustained severe injuries and damages as set forth above.

25.     Accordingly, Plaintiff makes claim for the following damages:

(a) Any noneconomic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;

(b) Any economic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including loss of earnings or damage to his ability to earn money in the future; reasonable and necessary medical, hospital, and other expenses; loss of fringe benefits; diminution of retirement benefits; and costs associated with vocational rehabilitation; and

(c) Any physical impairment or disfigurement.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages together with such special damages as may hereinafter be ascertained and for his costs of suit incurred herein, including expert witness fees, interest on said damages from the date of judgment, and all other relief this Honorable Court deems just and proper.

DATED: March 9, 2022

                ROSSI VUCINOVICH PC

                By: *s/ James K. Vucinovich*
                James K. Vucinovich, CO Bar # 027866
                Rossi Vucinovich PC
                1000 Second Avenue, Suite 1420
                Seattle, WA  98104
                Phone: (425) 646-8003
                Facsimile: (425) 646-8004
                jvucinovich@rvflegal.com